974 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Delvin Ray NIX, Defendant-Appellant.
 No. 90-50648.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 2, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Delvin Ray Nix appeals from his conviction by jury of using a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Nix claims 1) the evidence was insufficient to show he used the weapon in relation to the crime; and 2) the district court's supplemental instruction to the jury was plain error warranting reversal of his conviction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Adler, 879 F.2d 491, 495 (9th Cir.1988) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). To support a conviction for violation of section 924(c)(1), the evidence must show that a weapon was both "related to" the crime, and "available to" the defendant. Close proximity of a handgun to drugs supports an inference that the gun is related to a narcotics operation and a "firearm need not be within the defendant's reach during the commission of the crime or at the moment of arrest" to be "available" for § 924(c)(1)'s purposes. United States v. Torres-Medina, 935 F.2d 1047, 1048-1050 (9th Cir.1991). We review for plain error the propriety of a supplementary jury instruction to which the defendant did not object at trial. United States v. Glickman, 604 F.2d 625, 631-32 (9th Cir.1979), cert. denied, 444 U.S. 1080 (1980).
 
 
 4
 Here, Nix was arrested outside the hotel room from which police suspected he was dealing contraband. His Cadillac was parked some 20 or 30 feet from where he was arrested. When police asked if they could search the car, he replied, "Good luck. The keys are locked inside of it." When the Cadillac was opened, police found 88.87 grams of rock cocaine in a compartment below the driver's side rear window. In a corresponding compartment on the passenger's side was secreted a .45 caliber revolver. The gun bore one fingerprint that did not belong to Nix or his codefendant. During a booking search, police found a bill of sale for the car in Nix's pocket.
 
 
 5
 Nix argues that the mere proximity of the gun to the cocaine was not sufficient to link the two. We disagree. The gun and drugs were secreted in matching compartments a mere Cadillac's width apart from each other. Such close proximity amply supports the inference that the gun was related to the drug crime. See Torres-Medina, 935 F.2d at 1048.
 
 
 6
 Nix argues further that, because both the gun and the car keys were locked inside the Cadillac, the gun was not accessible to be used in relation to the drug crime. This argument lacks merit. The chance that Nix accidentally locked himself out of the car cannot shield him from criminal liability. Moreover, the gun was no less accessible to him than the cocaine to which it was connected.
 
 
 7
 Finally, Nix claims a supplementary instruction to the jury so misstated the law that his conviction should be reversed. This contention is absurd. The district court responded to a note from the jury asking the legal definition of the word "used," stating that, for a gun to be "used" within the meaning of section 924(c)(1), "physical possession is not necessary," and "[t]here must be access to the firearm during and in relation to drug trafficking." This is an accurate statement of the law and provides no basis for reversing Nix's conviction. See Glickman, 604 F.2d at 631-32.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3